Law & Company *vs.* McBride.

---

LAW & COMPANY, plaintiffs in error, *vs.* A. J. McBRIDE, defendant in error.

1. The issue being one of pure fact, unaffected by any question of law, and the evidence being conflicting and not insufficient, the verdict must stand.
2. Where the disputed question is, who purchased the assets of a firm and agreed to pay its debts, a writing, signed by the defendants, showing that they claimed some of the assets and took an interest in paying or securing a note given by one of themselves in compromise of one of the debts, is relevant testimony against them.

New trial. Evidence. Before Judge PEEPLES. Fulton Superior Court. October Term, 1875.

Reported in the opinion.

FRY & KING, for plaintiffs in error.

B. H. HILL & SON ; T. P. WESTMORELAND, for defendant.

BLECKLEY, Judge.

1. Firm assets were sold, the purchaser agreeing to pay all the firm debts, and to protect the present plaintiff, one of the partners, against them. The plaintiff was afterwards com-

Laws & Company *vs.* McBride.

pelled by law to pay a portion of them; and he, thereupon, brought this suit against the defendants for his reimbursement. The disputed question was, who was the purchaser, whether the firm now sued, or an individual member of the plaintiff's firm, the same that made sale of the assets. The evidence was in bristling conflict, and the case turned wholly on the credibility of the principal witnesses, and on the degree of corroboration afforded by certain writings, which were not, themselves, decisive of the controversy, either way. The issue was one of pure fact; and the jury have decided it, not without sufficient evidence to support their finding. To break their verdict would be to break the law.

2. A writing was admitted in evidence, for the plaintiff, showing that the defendants claimed title to, and exercised control over, some of the assets, by assigning them to him in order that he might realize upon them and use the proceeds in paying off, in case the defendants themselves should fail to pay off, an individual note given by one of the defendants to a creditor of the plaintiff's firm in compromise. This writing was signed by the defendants, and certainly showed dealings between them and the plaintiff, touching some of the assets that had been sold by the plaintiff's firm; and it, moreover, connected the defendants with measures taken to satisfy a debt of that firm. There was no doubt that somebody had purchased the assets, and that the purchaser had agreed to pay the debts. The whole difficulty was in identifying the purchaser. Here were some of the assets, and here was one of the debts. The defendants, by this writing, concerned themselves with both; and hence, the writing was relevant testimony. It was properly admitted for what it was worth.

Judgment affirmed.